UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DWAYNE ANDERSON, *Plaintiff*, v. JOSEPH R. BIDEN, *et al.*, *Defendants*. | Civil Action No. 22-cv-1939 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court grants the application and, for the reasons stated below, dismisses the complaint and this civil action without prejudice.

Plaintiff brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the President of the United States, the United States Attorney General, and Assistant Attorney General Kristen Clarke, who heads the Civil Rights Division of the United States Department of Justice. Because Defendants failed to respond to "a notification" sent to the Justice Department by Plaintiff "via the online app called 'Messenger,'" Compl. at 1, "via Facebook post," *id.* at 2, and email, *id.* at 3, Plaintiff considers Defendants' conduct "willful, conspiratorial, criminal, and designed to continue the cover up of the . . . massive corruption that has violated [his] civil rights for a number of years," *id.*

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*,

656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

      As drafted, Plaintiff's complaint fails to comply with Rule 8(a).  While Plaintiff sets forth a basis for this Court's jurisdiction, what few facts are alleged do not amount to a short and plain statement of a claim showing Plaintiff's entitlement to injunctive relief and an award of $25 million.  Furthermore, "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).  The Court therefore is constrained to dismiss the complaint without prejudice.

      An Order is issued separately.

FLORENCE Y. PAN  
United States District Judge

Date:  August 15, 2022